UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2011 JUN 29 P 12: 22

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES OF AMERICA       :

v.                             :    Docket No. 3:99CR85(EBB)

JOSE FIGUEROA                  :

## RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Jose Figueroa ("Figueroa"), moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a Sentencing Guideline range that has been subsequently lowered by the Sentencing Commission. Specifically, Figueroa seeks resentencing under Amendment 706, which retroactively altered guideline § 2D1.1 to reduce the sentencing range applicable to crack cocaine offenses. Figueroa maintains that pursuant to the Amendment he is entitled to a two level reduction in his § 2D1.1 base offense level, which would result in a reduction in his sentence.

As set forth below, Figueroa's sentence was not based on guideline § 2D1.1 and thus application of the Amendment would not have the effect of lowering his applicable guideline sentencing range. His motion [doc. # 1674] is therefore DENIED.

**I.     Factual and Procedural Background**

On December 29, 2000, Figueroa pleaded guilty to a superseding information that charged him with conspiracy to possess with intent to distribute and distribution of 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. In his plea agreement, the parties stipulated that Figueroa was a career offender.

In preparation for sentencing, the Probation Office prepared Figueroa's Presentence

Report ("PSR"). The PSR calculated Figueroa's initial base offense level pursuant to U.S.S.G. § 2D1.1(c)(4) to be 32, based on the quantity of crack cocaine involved in his offense. However, because he was a career offender, his sentencing range was determined under U.S.S.G. § 4B1.1, which provides that the offense level for a career offender is the applicable range when that range is greater than the offense level under § 2D1.1. Figueroa's offense level under § 4B1.1 was 37 and because that was higher than the § 2D1.1 crack cocaine offense level of 32, the career offender offense level 37 applied. Figueroa was awarded a three-level reduction in his offense level pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, which gave him a total offense level of 34. Because Figueroa was a career offender, his criminal history category was VI. Based on a total offense level 34 and a criminal history category VI, his guideline sentencing range was 262 to 327 months' imprisonment. This guideline sentencing range was based on the offense level for career offenders, not on the § 2D1.1 offense level for crack cocaine offenses.

Figueroa was sentenced on April 9, 2003. The Court adopted the guideline calculation set forth in the PSR and agreed that Figueroa's total offense level was 34. The Court, however, imposed a non-guideline sentence of 180 months' imprisonment based on a downward departure pursuant to § 5H1.3 and § 5k2.0. Because the Court imposed a sentence outside the applicable guideline range, the Court found that there was no need to determine the otherwise applicable offense level. The Court made it clear that the reason for the downward departure was totally unrelated to the quantity of cocaine involved in the offense of conviction and there is nothing in the record to suggest that it was based on a finding that the career offender classification overstated Figueroa's criminal history.

## II. Section 3582(c)(2) and Amendment 706

In November 2007, the Sentencing Commission amended the crack cocaine guideline by revising the drug quantity table at § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706"). The Amendment generally reduces the base offense levels for crack cocaine convictions under § 2D1.1(c) by two levels. Because the Amendment was made retroactive, the court is only authorized by 18 U.S.C. § 3582(c)(2) to resentence a defendant if resentencing is consistent with the Sentencing Commission's applicable policy statements. The relevant policy statements only permit a sentence reduction if the Amendment has the effect of lowering a defendant's applicable guideline sentencing range. U.S.S.G. § 1B1.10(a). Even if the Amendment is applicable to a defendant, a sentence reduction is not authorized if it would "not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline or statutory provision* (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 n.1(A) (emphasis added).

The career offender guideline under § 4B1.1 is another guideline provision and thus Amendment 706 would not lower a defendant's applicable guideline range in cases where, as here, the § 4B1.1 career offender guideline range was applicable. E.g., United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009) (holding that a career offender is not eligible for a sentence reduction based on Amendment 706 because that amendment only decreased the § 2D1.1 base offense level for crack cocaine offenses). In other words, even if Amendment 706 authorized a two-level reduction in a defendant's base offense level under § 2D1.1(c), his applicable guideline range as a career offender under § 4B1.1 would not change. The only exception is when a defendant is designated a career offender, but is granted a § 4A1.3 downward departure on a

finding that the career offender classification overstated his criminal history and he is ultimately sentenced on the basis of the crack cocaine guidelines. United States v. McGee, 553 F.3d 225, 227 (2d Cir. 2009).

### III. A Sentence Reduction is Not Warranted in Figueroa's Case

Here, Figueroa's sentence was not based on guideline § 2D1.1. His applicable guideline range was based on his status as a career offender pursuant to § 4B1.1. Nonetheless, Figueroa received a sentence outside the applicable career offender guideline range by virtue of the Court's downward departure pursuant to § 5H1.3 and § 5k2.0. There is nothing in the record to indicate that the departure was based on or tied to the drug quantity guidelines of § 2D1.1 or on a finding that Figueroa's career offender classification overstated his criminal history. Thus, a reduction in Figueroa's sentence would not be consistent with the applicable policy statement, and would not be authorized under § 3582(c)(2), because the amendments to § 2D1.1 would not have the effect of lowering his applicable guideline range within the meaning of § 1B1.10. See United States v. v. Castillo, 378 Fed. Appx. 80 (2d Cir. 2010); United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) (noting that a defendant's sentence is not based on a range that was lowered by the Sentencing Commission where "the range upon which [his] sentence was based is unaffected by the change in his base offense level").

### IV. Conclusion

For the foregoing reasons, Figueroa's motion for resentencing [doc. # 1674] is DENIED.

SO ORDERED.



ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 25th day of June 2011.

4